Clerk of Court:

By Deputy Clerk: _____

Date: _____

(Claims: Defamation Per Se, Age Discrimination, Retaliation, Promissory Estoppel, Hostile Work Environment, IIED)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No: _____

KARIE K. KAUFMAN,

Plaintiff,

v.

ASHLEY COMBS,

Defendant.

COMPLAINT AND JURY DEMAND

NATURE OF THE CASE

1. Plaintiff brings this action against Defendant Ashley Combs for Defamation Per Se, Age Discrimination, Retaliation, Promissory Estoppel, Hostile Work Environment, and Intentional Infliction of Emotional Distress, under federal and Colorado state law.

2. Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, costs, and any other relief the Court deems just and proper.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Colorado.

## PARTIES

5. Plaintiff, Karie K. Kaufman, is an individual and resident of Colorado.

6. Defendant, Ashley Combs, is an individual who resides and works in Colorado.

## FACTUAL ALLEGATIONS

7. Plaintiff was employed by Murdoch's Ranch & Home Supply as an Assistant Store Manager from January 22, 2024 through her termination on December 3, 2024.

8. Defendant Ashley Combs was Plaintiff's direct supervisor and Store Manager.

9. Plaintiff, over the age of 40, was subject to repeated age-based discriminatory exclusions and actions by Defendant Combs. Defendant committed to bi-weekly touch-bases with plaintiff to ensure plainiff's continued growth and success which did not happen.

10. Plaintiff reported potential wage theft, discrimination, and hostile work environment concerns to Defendant Combs and Murdoch's management on November 4, 2024 in a Teams Message to Defendant.

11. Defendant Combs retaliated by undermining Plaintiff's job performance, and ultimately terminating Plaintiff's employment.

12. Defendant Combs made false and defamatory statements, both orally and in writing, to third parties, accusing Plaintiff of misconduct, dishonesty, and unprofessional behavior.

13. These statements constitute Defamation Per Se, as they directly impugned Plaintiff's integrity, competence, and professional reputation.

14. Defendant Combs acted with malice, intending to harm Plaintiff's reputation and career.

15. Defendant Combs made promises regarding Plaintiff's promotion and advancement, which Plaintiff reasonably relied upon to her detriment (Promissory Estoppel).

16. Defendant Combs created and allowed a hostile work environment, causing Plaintiff severe emotional distress.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

Defamation Per Se (Common Law)

17. Plaintiff incorporates the preceding paragraphs.

18. Defendant Combs made knowingly false statements to third parties about Plaintiff's professional conduct and integrity with intent to harm plaintiff's employment and ignored Plaintiff's certified delievery of a Demand for Retration on January 7, 2025.

19. The statements constitute Defamation Per Se.

20. As a result, Plaintiff suffered presumed damages, including harm to reputation and emotional distress.

SECOND CLAIM FOR RELIEF

Age Discrimination (ADEA & CADA)

21. Plaintiff is over the age of 40 and belongs to a protected class.

22. Defendant discriminated against Plaintiff based on age through adverse actions.

23. Plaintiff suffered lost wages, emotional distress, and reputational harm.

THIRD CLAIM FOR RELIEF

Retaliation (ADEA & CADA)

24. Plaintiff engaged in protected activity by reporting discrimination and misconduct.

25. Defendant retaliated by terminating Plaintiff's employment within 30 days pretextually.

26. Plaintiff suffered economic loss and emotional distress.

FOURTH CLAIM FOR RELIEF

Promissory Estoppel

27. Defendant promised Plaintiff communication via touch-bases and feedback twice monthly ensuring plaintiff's job security.

28. Plaintiff reasonably relied on these promises to her detriment.

29. Plaintiff suffered financial and professional harm.

FIFTH CLAIM FOR RELIEF

Hostile Work Environment (CADA)

30. Defendant's conduct created an abusive, hostile work environment, including allowing specific Co-worker Seth Alemen, repeat offender within the store, continue to harass and belittle workers without remedy, allowing the continuation of the hostile work environment to continue. Multiple complaints responded with "This matter has been taken care of" left disregarded and ensues further retaliation by terminating employees who stand up against it. (Example, Kevin Andrew Boucher, who was isolated and ultimately pretextually terminated).

31. Plaintiff was subjected to humiliation and emotional distress by defendant by being subjected to traps, devaluation if front of the Plainiff's employees, and statements "Are you sure you should even be a manager" and "do you even want to be here?"

SIXTH CLAIM FOR RELIEF

Intentional Infliction of Emotional Distress (IIED)

32. Defendant's conduct was extreme and outrageous.

33. Defendant acted intentionally or recklessly.

34. Plaintiff suffered severe emotional distress as a direct result.

## DAMAGES

Plaintiff requests the following relief:

A. Compensatory damages in an amount exceeding $750,000

B. Punitive damages in an amount exceeding $1,000,000

C. Attorneys' fees and costs

D. Pre-judgment and post-judgment interest

E. Any further relief as the Court deems proper

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

Karie K. Kaufman

Pro Se Plaintiff

4500 Trade St. #3-405

Johnstown, CO 80534

karie@icloud.com

970-825-6139

January 05, 2025
VIA Certified Mail

Ashley M. Combs
c/o Murdoch's Ranch and Home
4450 Ledge Rock Dr
Johnstown, CO 80534
Ashley.combs@murdochs.com

RE: Cease and Desist – Defamation pro se and Retraction of Statements

Dear Ashley Combs
Murdoch's Ranch and Home:

It has come to the attention that Ms. Combs has made numerous defamatory and false statements about Karie K. Kaufman, former Assistant Store Manager, following a legitimate complaint by Ms. Kaufman on 11/04/24 directly to Ms. Combs via Teams, an electronic platform for communicating in work spaces.

Immediately following Ms. Kaufmans communication, Ashley Combs knowingly engaged the company Murdoch's Ranch and Home and Ms. Kaufman in defamation per se with malice intent that resulted in outrageous retaliatory disciplinary action, and termination of Ms. Kaufmans employment with Murdoch's Ranch and Home.

It is demanded that Ashley Combs immediately rescind and correct the following statements made within the time 11/05/2024 -12/03/2024 and issue a clear and apology to Karie Kaufman and Murdoch's Ranch and Home as follows:

 a.In regards to Karie not receiving feedback: Karie and Ashley had a closed door conversation initiated by Ms. Kaufman where Ashley used the terms "Always and Never." Karie pointed out immediately that she had yet to receive feedback and stated to Ashley that that statement was false. Ashley has neglected this aspect of her role and in fact, was directed in the 8/16/24 conversation that Karie initiated yet again that she would engage

with Karie every two weeks for touch bases that never transpired. Karie included this in her 11/04/24 Teams message to Ashley.

b. In regards to requesting a sit in with one of Karies employees on 11/12/24: Ashley stated that Karie initiated a conversation meeting and that she failed to communicate clearly causing confusion and expectations not being met for the store. Ashley approached Karie and Ashley wanted to initiate that meeting. Karie stated that she wanted to have a meeting with two associates on another subject. Karie had already spoken to this associate about some of the issues and they had a strategy. Ashley combs led the 3 of them in to a two hour long meeting that was off topic a bout ADHD and although Karie had documented conversations with this employee, they were not included in this conversation. Karie was then later held accountable for this meeting and the viability of Karie's actions with this employee were valid and factual. Karie's judgement was placed in question, her ability, and her employee and this meeting were taken out of the HR notes shared with the company.

c. As to whether Karie raised her opinion about the feedback she received on 11/15/2024 concerning Karie altering a team members job duties: Karie witnessed strange and unusual behavior from Ashley that day. It's noted that Karie has been instructed by Ashley to construct her teams work lists every day whether she is scheduled or not. Once, on this day, Ashley Combs creates the work lists for her team out of the blue, without collaboration knowing Karie was coming in. Karie texts Ashley in the morning before 7 am to confirm. Ashley assigns a pallet of items mixed with merchandise that was previously put out, and items that were not what she stated. Karie reorganized the pallet on video to demonstrate that despite the accusations, this was in intentional and deliberate malicious activity by Ashley to find error or substantiate a claim to find reasonable fault with Karie's actions that day.

Other statements that are not in writing that are to be addressed: 1. "Karie refused training at the gun counter on 10/31/24.." Karie had expressed that she was not well due to peanut allergies and her statement was "I'm not in a place to learn." 2. Stating that "Karie stated that her team sucked, and needed to vent like how she did that one day." Ashley told Karie that it was not very GET of her to say this to the other two managers and

referenced its similarity to an event where Ashley came into Karie's office to talk about her frustrations with a certain employee for over 45 minutes. Karie does things for her team that demonstrates compassion and respect and has done things like bring gifts, offer hugs, be a support, write out hand written cards. Karie knew that her team was respected and looked up to because she feels your employees are an extension of your personal brand and the store is aware of this. Karie was asked by Chris, a coworker, how her team was doing one afternoon. Karie responded with these words, in private and with a winking, all knowing gesture. Ashley's attempt at this connection between the two scenarios was enacted to mitigate the extent to which her own behavior was not GET and was false.
3. "Karie did not bring her keys to the store with her and left doors unlocked." She was referencing a closing shift with Chris on the eve of a customer complaint. Karie was asked to help behind the gun counter by opening some cabinets she has never used. Karie also stated that she used Chris' keys to help him. Ashley questioned Karie's integrity and although Karie stated that she has an AirTag in her keys clipped to her bag at all times, Ashley also stated that would not be safe as anyone could take them and go make copies of them. Karie knows this is not possible because the length of the key is too long. Ashley persisted in this conversation to convince Karie that she was wrong.

On 11/21/2024, Karie was given a final notice for improvement. During this meeting, Karie was informed that her performance was also in question as she did not have signage ready on 11/19/24 for the following day, 11/20/24 when Karie was reprimanded on 11/19/24 by Ashley and sent home for the day at 4pm. Karie was off the next day. Ashley was and is liable for that task as she was there.
Ashley denies communicating via text message to a peer and has demonstrated that this is also not true but gives the peer support and knowledge of certain events happening in the store.

4. One example of her direct lack of communication with Karie is the evening before Thanksgiving. Karie was noticing some signs that a policy or procedure had changed as one of the cashiers brought back a reprinted receipt for a firearm. Karie was watching the gun counter and asked why she did that. Based on the cashiers response, it sounded like they were instructed to get them back to their original paperwork immediately. Karie

was concerned with that process as it would not make sense to do that if it was busy. She engaged with the other managers in Ashley's office that evening and brought it up. The other managers were confused with Karie's concerns. They realized that Karie did not know that they had discussed a new way of completing this process. Karie was fired the subsequent day from a firearms sale on 12/03/24 as she allegedly was
"told very clearly" that the person who brings the firearm to the cashier needs to stay with the firearm."

Based on other electronic communication Karie initiated and has stored, it is Karie, not Ashley who seeks understanding in attempting to resolve a complex and outward communication and conflict issue.  A full advisement of recognition of this error in Karie's termination is detrimental to Ms. Kaufman's intent to further pursue legal action against Ms. Combs as well as an apology for statements made directly to Ms. Kaufman: "are you sure you should even be a manager?" And "Are you sure you even want to be here?" questioning Karie's abilities and the desire to want a cohesive and successful relationship with Ms. Combs. For examples refer to Exhibit A to this letter. False statements were remanded to Murdoch's Ranch and Home and published in a document given to Karie on 11/21/24 and is willfully misleading and without merit because Ashley Combs' intent for use of the false statements was to retaliate, disprove, and otherwise cause harm to Karies job and reputation after concerns Karie expressed via Teams on 11/04/2024 regarding potentially ethical or illegal workplace concerns. The false statements that you made are reckless and highly defamatory, and has caused Ms. Kaufman to suffer:
- Economic harm
- Reputational harm
- Harm to her character and reputation
- Emotional duress

In addition, the false statements) has affected Ms. Kaufman in the following ways: Karie claims that she was living in "survival mode" during the retaliatory toxic work environment and harassment phase of 11/06/24-12/03/24. She was forced to have heightened awareness, was unable to communicate with friends or family, sleep, or eat. Karie claims that she had severe anxiety and stress from witnessing that she was being targeted with malicious intentions and accusations. Karie claims that she was also

embarrassed at the way that she was reduced and disrespected very outwardly in front of her peers and her team. Furthermore, Karie claims that the harm caused by Ashley combs created self doubt and low self esteem. Karie denies any long term emotional damages at this time but is still in shock at what she witnessed in the past incidents by Ashley Combs .

It is hereby demanded that you: immediately cease and desist from making any and all false statements against Ms. Kaufman and within 15 days of the date of this letter, remove all defamatory statements and contents from record with the employer.

Ashley Combs must correct the statements made here in this formal demand letter in writing to Murdoch's Ranch and Home. Any persons in contact with these statements must remove them from Karies employee records at once and publish a retraction, and notify Ms. Kaufman in writing when these tasks have been completed.

Sincerely,
Karie K.

## LITIGATION HOLD NOTICE AND DEMAND FOR PRESERVATION OF EVIDENCE

From: Karie Kaufman
4590 Trade St. 3-405
970-825-6319
ikarie@icloud.com

Date: 21 March 2025

To:


RE: NOTICE OF LITIGATION HOLD AND DEMAND FOR PRESERVATION OF EVIDENCE

Dear Murdoch's Recipients;
This letter serves as a formal notice and demand that you and your organization immediately preserve all documents and electronically stored information ("ESI") that may be relevant to anticipated litigation by me, Karie Kaufman, arising out of claims of discrimination, retaliation, harassment, defamation, wrongful termination, and other unlawful employment practices.

You are hereby instructed to take all necessary steps to prevent the destruction, alteration, deletion, overwriting, or loss of any evidence, including but not limited to electronic data, communications, documents, and tangible items. This demand applies to any information and materials in your possession, custody, or control, whether stored physically or electronically, including offsite backups, personal devices, cloud storage, and third-party communication platforms.

This preservation obligation extends to, but is not limited to, the following categories of information:

1. All emails, text messages, instant messages (including apps like Slack, Teams, WhatsApp, etc.) involving any discussions of Karie Kaufman, Kevin Boucher, Seth Aleman, Ashley Combs, and any other individuals involved in the complaints or employment decisions related to this matter.
2. All personnel files, disciplinary records, complaints, investigation reports, meeting notes, and communications regarding Karie Kaufman, Kevin Boucher, and any complaints about Seth Aleman.

3. Any and all documents, correspondence, and communications exchanged with Human Resources, legal counsel, management, or third parties concerning the employment status, complaints, and investigations involving Karie Kaufman.
4. All documents related to any complaints brought by or against Seth Aleman, Kevin, or Ashley Combs, including notes from interviews or investigations.
5. All call logs, voicemail records, video conference recordings, and notes from ASM conference calls, specifically the call(s) on or about November 20-24, 2021, where directives were given regarding Human Resources involvement.
6. Any documents regarding the hiring process for Ashley Combs' position, including applications, interview notes, and selection records.
7. All social media posts, messages, or comments regarding Karie Kaufman made by you or any party acting on your behalf.
8. Any handwritten notes, drafts, or personal records discussing Karie Kaufman, Kevin Boucher, Seth Aleman, or Ashley Combs.

This preservation demand applies to data on all devices and storage media, including but not limited to desktop computers, laptops, tablets, mobile phones, flash drives, external hard drives, servers, backup tapes, and cloud-based accounts.

Failure to comply with this demand may constitute spoliation of evidence, which can result in severe sanctions, adverse inference instructions, monetary penalties, and other legal remedies. You are on notice that any destruction or alteration of relevant evidence from this point forward will be considered intentional and subject to legal action.

Please confirm in writing within seven (7) days of receipt of this letter that you have taken appropriate steps to preserve all relevant evidence as outlined herein. All correspondence should be sent to me directly.

Sincerely,

Karie Kaufman
Pro Se Plaintiff